IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TYLER BENTON HUGHES, <br><br> Defendant. | CR 04–17–H–CCL <br><br><br> ORDER |

Before the Court is Defendant's Motion to Seal his brief in support of his Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 and U.S.S.G. Retroactive Amendment 782. The government opposes the motion to seal on the ground that it does not meet the requirements of *Oregonian Publishing v. United States District Court for the District of Oregon*, 920 F.2d 1462,1466 (9th Cir. 1990), *cert. denied*, 501 U.S. 1210, 111 S.Ct. 2809 (1991)), and the admonishment of Standing Order DLC-21A.

The *Oregonian Publishing* decision set forth the United States Supreme Court's test for sealing documents and proceedings from public view. *Id.* (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13-14, 106 S.Ct. 2735, 2742-43, 92 L.Ed.2d 1 (1986) (*Press-Enterprise II*)). Both the "public and the press have a qualified right of access to plea agreement documents under the first amendment." *Oregonian Publishing*, 920 F.2d at 1467-68. However, closure will not violate the public's First Amendment right of access if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. *Oregonian Publishing*, 920 F.2d at 1466 (citing *Press-Enterprise II*, 478 U.S. at 13-14). In this circuit, "[a] criminal defendant's interest in safety overrides this right of access *only* when the three substantive requirements set out in *Press-Enterprise II* are met." *Oregonian Publishing*, 920 F.2d at 1467-68 (emphasis added).

Standing Order DLC-21A is particularly pertinent here and was issued on March 18, 2015, in order to guide the procedures utilized by the Court and counsel

in 782 Amendment cases.  *See* U.S.S.G. App. C Supp. Amendments 782, 788 (Nov. 1, 2014).  This amendment entitles certain defendants serving prison terms for federal drug crimes to request a sentence reduction under 18 U.S.C. § 3582(c)(2).  Paragraph 5 of Standing Order DLC-21A specifically admonishes the parties

> not to rely upon Local Rule 49.1(a)(2)(E) to file motions or briefs under seal unless the document in question contains details of the assistance provided by the defendant.  Mere reference to a motion under U.S.S.G. 5K1.1 or Fed.R.Crim. P. 35(b), or a reduction in sentence resulting from such a motion, is insufficient to warrant sealing of any document without leave of court.

(Local Rule 49.1(a)(2)(E) permits counsel to file a document under seal or ex parte if it contains "details of . . . a defendant's assistance to authorities....") Thus, the Court's standing order provides that, in 782 Amendment cases such as this one, the parties shall not file motions or briefs under seal *unless* the document in question contains details of the defendant's assistance.

In this case, Defendant Hugh's sealed memorandum does not appear to contain any details of Defendant's assistance.  Therefore, the memorandum should

not have been filed as a sealed document. (The Court notes also that the memorandum fails to observe the notice requirement set forth in Local Rule 49.1(b)).

Returning to the test required by *Oregonian Publishing*, the Court notes that Defendant makes no attempt to demonstrate satisfaction of the three prongs, except, perhaps, to state that the memorandum contains "sensitive and personal information" and "individuals... who may not have Mr. Hughes' best interests at heart, will have access to those materials...." (Doc. 64 at 2.) 'Sensitive and personal information' could mean health or family information and is not a statement of compelling interest. Neither does Defendant demonstrate that there are no alternatives to closure that would adequately protect the compelling interest. Although Defendant alludes to the possibility that "individuals in prisons everywhere" may "view" his memorandum and may "act" upon it, Defendant makes no attempt to demonstrate that there is any "substantial probability" that a compelling interest (presumably, Defendant's safety) would be harmed.

Unlike sentencing motions for reduction of sentence, motions for reduction

of sentence filed pursuant to 18 U.S.C. 3582(c)(2) are typically open to the public, in large part because they generally do not contain details of substantial assistance. The presumption is openness, and "the burden is upon the proponent of closure to justify a closure order." *Oregonian Publishing*, 920 F.2d at 1467. "Openness in criminal proceedings 'enhances both the basic fairness of the criminal [proceeding] and the appearance of fairness so essential to public confidence in the system." *Id.* at 1465 (quoting *Press-Enterprise v. Superior Court*, 464 U.S. 501, 508, 104 S.Ct. 819, 823, 78 L.Ed.2d 629 (1985) (*Press-Enterprise I*)). Defendant has not asserted a compelling interest, has not demonstrated substantial probability of harm, has not considered any alternative to sealing, and has not submitted any fact upon which this Court could make a finding that a compelling interest favors sealing. The Court concludes that the motion to file the memorandum under seal is without merit.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to File Memorandum Under Seal (Doc. 60) is DENIED. Unless Defendant files a renewed motion to

seal that complies with this Order, appeals therefrom, or files an amended memorandum, the Clerk shall unseal Doc. 61 on September 29, 2016.

IT IS FURTHER ORDERED that the government shall respond to Defendant's Motion for Sentence Reduction within 28 days of today's date and any reply shall be filed within 21 days after the filing of the response.

Dated this 23rd day of September, 2016.

/s/ Charles C. Lovell
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE