IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER BENTON HUGHES,<br><br>Defendant. | CR 04-17-H-BMM-TJC-2<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated the conditions of his supervised release by using methamphetamine on December 23, 2020 and December 30, 2020, and by unlawfully possessing a controlled substance on those same dates. (Doc. 115.) The matter was referred to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 122) (citing 28 U.S.C. § 636(b)(1)(B)).

On April 8, 2021, the Court conducted the final revocation hearing. Defendant admitted all violations in the petition. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 7 months imprisonment on each count, to run concurrently, followed by 33 months of supervised release on Counts 1-4 and 9 months of supervised release on Counts 5-6, to run concurrently.

I.     **Background**

In 2004, Defendant pled guilty to Counts I-VI of the Indictment, which charged the offenses of Conspiracy to Possess with Intent to Distribute Methamphetamine (Count I), Possession with Intent to Distribute Methamphetamine (Count II), Distribution of Methamphetamine (Count III), Use and Carry of Firearm During and in Relation to a Drug Trafficking Crime (Count IV), Unlawful User of Controlled Substance in Possession of a Firearm (Count V), and Felon in Possession of a Firearm (Count VI).  (Doc. 29.)  On March 24, 2005, Judge Lovell sentenced Defendant to 190 months imprisonment, to be followed by 120 months supervised release.  (Doc. 41.)  On November 30, 2016, the Court granted Defendant's Motion for Sentencing Reduction pursuant to 18 U.S.C. § 3582(c)(2), and his sentence was reduced to 168 months.  (Doc. 71.)  Defendant began serving his original term of supervised release on March 5, 2017.

On May 21, 2018, Defendant's supervised release was revoked for methamphetamine use and failure to report for drug testing.  He was sentenced to 7 months imprisonment followed by 53 months supervised release on Counts 1-4 and 29 months on Counts 5-6.  (Doc. 95.)  Defendant began his second period of supervised release on June 15, 2018.

On April 4, 2019, Defendant's supervised release was again revoked for alcohol and methamphetamine use, failing to notify his probation officer of law

enforcement contacts, and failing to report for testing and mental health treatment. He was sentenced to 13 months imprisonment followed by 40 months supervised release. (Doc. 107.) Defendant began the current term of supervised release on January 22, 2020.

On January 7, 2021, the United States Probation Office filed the petition now at issue. (Doc. 115 .) The petition alleges that Defendant submitted urine samples on December 23, 2020 and December 30, 2020, which tested positive for methamphetamine, and that Defendant subsequently admitted using methamphetamine on those dates. (*Id*.) Based on the petition, Judge Lovell issued a warrant for Defendant's arrest. (Doc. 116.)

On March 22, 2021, Defendant made an initial appearance before the undersigned. (Doc. 107.) Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing. (*Id.*) The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing. (*Id.*) The Court set the final revocation hearing for April 8, 2021. (Doc. 123.)

## II. **Final Revocation Hearing**

Defendant appeared at the revocation hearing represented by Steven Babcock. Seth Bonilla, a law student supervised by Assistant United States Attorney Lori Harper Suek, represented the United States. The undersigned

explained the Findings and Recommendations procedure to Defendant, including his right to appear and allocate before Judge Morris and the procedure for objecting to the Findings and Recommendations which would be issued. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is V, and the underlying offense in Counts 1-4 is a class A felony, and in Counts 5-6 is a class C felony. Under those circumstances, the maximum sentence is 60 months incarceration on Counts 1-4 and 24 months on Counts 5-6. The United States Sentencing Guidelines provide an advisory range of 7-13 months incarceration. Defendant could be sentenced to as much as 40 months supervised release on Counts 1-4, and 16 months on Counts 5-6, less any custody time imposed. Counsel for the United States and Defendant agreed with those calculations.

The United States requested a sentence of 9 months incarceration, followed by placement in a Residential Reentry Center. Defendant's counsel requested a sentence of 3 months imprisonment, followed by placement in a Residential Reentry Center. Defendant addressed the Court and described his mental health and substance abuse issues, and his desire to obtain treatment and medication.

### III. <u>Analysis</u>

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 7 months imprisonment for each count, to run concurrently, followed by 33 months supervised release on Counts 1-4 and 9 months on Counts 5-6, to run concurrently. Additionally, the Court should require Defendant to reside in a Residential Reentry Center for a period of up to 6 months.

This sentence would be sufficient given the serious nature of the Defendant's violations, but is not greater than necessary.

### IV. <u>Conclusion</u>

Defendant was advised that the above sentence would be recommended to Judge Morris, and he was reminded that he has the right to appear and allocute before Judge Morris prior to the entry of final sentence and judgment. The undersigned also instructed Defendant that he may object to these Findings and Recommendations within 14 days of their issuance.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the conditions of his supervised release by 1) using methamphetamine on December 23, 2020; 2) unlawfully possessing methamphetamine on December 23, 2020; 3) using methamphetamine on

December 30, 2020; and 4) unlawfully possessing methamphetamine on December 30, 2020.

Accordingly, **IT IS RECOMMENDED** that:

1.      The District Court enter the attached Judgment, revoking Defendant's supervised release and commit Defendant to the custody of the United States Bureau of Prisons for 7 months on each count, to run concurrently, with 33 months of supervised release to follow on Counts 1-4, and 9 months of supervised release to follow on Counts 5-6, to run concurrently.

2.      In addition to the other recommended conditions of supervision, the Court should impose the following condition to his supervised release:

> The Defendant must reside in a Residential Reentry Center under contract with the United States Bureau of Prisons, for a period of up to 6 months. The Defendant must abide by all rules and regulations of the Center and successfully complete any programming as directed by the probation officer.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Morris will make a *de novo* determination regarding any portion of the Findings and Recommendations to

which objection is made. Judge Morris may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a *de novo* determination by Judge Morris.

DATED this 9th day of April, 2021.

                                                          _____
                                                          TIMOTHY J. CAVAN
                                                          United States Magistrate Judge